IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BRUCE RUTTENBURG, Plaintiff, | ) | |
| v. | ) | No. 03-2523C (Judge Williams) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Pursuant to Rules 7.1(c) of the Rules of United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits its reply to plaintiff's opposition to defendant's motion to dismiss or, in the alternative, for summary judgment.

In our initial motion, we established that Mr. Ruttenburg had failed to state a claim upon which relief may be granted, because the Indian Health Care Improvement Act requires that all loan agreements be in writing and be approved by the Secretary. Further, we demonstrated that even if the Indian Health Services (the "IHS") had the ability to enter into oral contracts under the Indian Health Care Improvement Act, such an oral agreement would be invalid and unenforceable because it conflicts with the subsequent written contracts. Finally, we established that this Court lacks Tucker Act jurisdiction to entertain the second count (specific performance) of plaintiff's complaint. In his opposition brief, Mr. Ruttenburg fails to successfully rebut these arguments.

Accordingly, we respectfully request that this Court dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted or, in the alternative, grant the United States summary judgment in its favor. In the event that the

Court does not dismiss plaintiff's complaint in its entirety, we respectfully request that this Court dismiss the second count of plaintiff's complaint (specific performance) for lack of subject matter jurisdiction.

## I. The Indian Health Care Improvement Act Requires That All Loan Repayment Agreements Be In Writing and Be Approved by the Secretary

Mr. Ruttenburg does not contest that the Indian Health Care Improvement Act explicitly requires that all contracts made pursuant to IHS loan repayment program be in writing and approved by the Secretary. 25 U.S.C. § 1616a(e)(1), (f). Nor does Mr. Ruttenburg attempt to distinguish or otherwise directly engage the weight of the binding case law cited in our opening brief at pages 9 through 10, which clearly provides that the authority of a Government employee to enter into an oral contract may be limited by statute or regulation. See, e.g., Harbert/ Lummus Agrifuels Projects v. United States, 142 F.3d 1429, 1433 (Fed. Cir. 1998), cert. denied, 525 U.S. 1177 (1999); New Am. Shipbuilders, Inc. v. United States, 871 F.2d 1077, 1080 (Fed. Cir. 1989); American Gen. Leasing, Inc. v. United States, 218 Ct. Cl. 367, 587 F.2d 54, 57-58 (1978). Instead, Mr. Ruttenburg cites to a minority view on the issue, articulated in two cases: PacOrd, Inc. v. United States, 139 F.3d 1320 (9th Cir. 1998), and Narva Harris Construction Corp v. United States, 216 Ct. Cl. 238, 574 F.2d 508 (1978). As we demonstrate below, this minority view does not reflect the current state of the law for this Court.

PacOrd, Inc. v. United States is a United States Court of Appeals for the Ninth Circuit case that is not binding upon this Court. In any event, PacOrd, Inc is distinguishable from the present case because PacOrd, Inc focuses upon the question of

whether the Federal Acquisition Regulations' general writing requirement precludes the finding of an implied in fact contract. Here, however, a specific statute enacted by Congress, and not a regulation, is the source of the writing requirement. Finally, as stated in the dissent, PacOrd, Inc is mistaken because it relies upon Narva Harris Construction Corp., a decision which is "just plain wrong" and which subsequently has been effectively overruled. PacOrd, Inc., 139 F.3d 1320, 1324 ("Authority to enter into a written contract cannot be construed as impliedly including authority to enter into an oral contract without thereby nullifying the requirement of a written contract.")

Narva Harris Construction Corp v. United States, 216 Ct. Cl. 238, 574 F.2d 508 (1978), the other case that Mr. Ruttenburg cites to in his opposition, is a case from the former United States Court of Claims, but it appears to directly conflict with more recent decisions of the United States Court of Appeals for the Federal Circuit and the Court of Claims, including Harbert/Lummus Agrifuels Projects v. United States, 142 F.3d 1429, 1433 (Fed. Cir. 1998), cert. denied, 525 U.S. 1177 (1999), New Am. Shipbuilders, Inc. v. United States, 871 F.2d 1077, 1080 (Fed. Cir. 1989), and American Gen. Leasing, Inc. v. United States, 218 Ct. Cl. 367, 587 F.2d 54, 57-58 (1978). Accordingly, it appears that the Federal Circuit has effectively overruled Narva Harris.

In any event, Narva Harris is distinguishable from the present case. In Narva Harris, after extensive negotiations and repeated oral promises from the Government, the plaintiff remodeled and renovated several Department of Housing and Urban Development projects for the Government. After the completion of the projects, the Government argued that plaintiff was entitled to no recovery for its work, because the

Government only had entered into an express oral contract with the plaintiff, and the statute generally provided that a writing was required to have an agreement "recorded as an obligation" of the Government. Narva Harris, 216 Ct. Cl. at 240-41, 574 F.2d at 509-510. The plaintiff argued that the general statute was not sufficient evidence of congressional intent to preclude recovery under an implied in fact contract, and the Court of Claims agreed that this general statute might not preclude the plaintiff from recovery. Narva Harris, 216 Ct. Cl. at 242, 574 F.2d at 510.

In this case, however, the very statute that creates the program under which Mr. Ruttenburg seeks compensation also created the writing requirement for participation in the program, and gave the agency the discretion to determine the terms of the program. This provides much greater evidence of congressional intent to require a writing for participation in the loan repayment program. Further, Mr. Ruttenburg has not been denied all recovery, he simply is denied from recovering under an alleged oral agreement that conflicts with the terms of his express agreement. Because the allegations in Mr. Ruttenburg's complaint fail to establish the existence of a valid contract, it does not meet the requirements for a valid breach of contract claim. Accordingly, the complaint should be dismissed.

## II. Even If The IHS Had The Authority To Enter Into An Oral Agreement With Mr. Ruttenburg, Such Oral Agreement Between The Parties Would Be Invalid

In the event that this Court finds that the express language of the Indian Health Care Improvement Act that explicitly requires that all contracts made pursuant to IHS loan repayment program be in writing does not bar Mr. Ruttenburg's recovery, the

Government is still entitled to summary judgment based upon the fact the terms of the alleged oral agreement would conflict with the terms of the subsequent written agreements signed by Mr. Ruttenburg. A prior oral agreement is invalid and unenforceable when it conflicts with or varies the terms of the written contract. Prestex, Inc. v. United States, 3 Cl. Ct. 373, 378 (1938). See also Hazeltine Corp. v. United States, 10 Cl Ct. 417 (1986).

Mr. Ruttenburg does little to rebut this argument, except to assert, without any citation, that the initial written contract, and all subsequent renewals of the contracts were all contracts of adhesion, presented on a "take it or leave it" basis. "The bare fact that the contracts in question are 'take it or leave it offers by the [G]overnment is not controlling" as to the validity of a provision of the contract. Seaboard Lumber Co. v. United States, 903 F.2d 1560, 1564 (Fed. Cir. 1990). We are unaware of any decisions of the Federal Circuit or this Court invalidating a Government contract merely because it was a contract of adhesion. However, as the United States Court of Appeals for the Seventh Circuit has acknowledged: "widespread judicial suspicion of the form contract – the dreaded 'contract of adhesion,' the contract that is offered by the authoring party on a take it or leave it basis rather than being negotiated between the parties . . . [–] has never crystallized . . . in a rule making such contracts unenforceable, on grounds of fraud or duress or unconscionability or mistake or what have you, or even presumptively unenforceable. . . . Although the vagueness of the concept of unconscionability may seem to place contracts of adhesion under a cloud, they are generally upheld against attacks from that direction." Northwestern National Ins. Co. v. Donovan, 916 F.2d 372, 377 (7th Cir. 1990).

Moreover, it is notable that Mr. Ruttenburg had ample time to review the contracts before signing them. He was well aware that he was signing a contract for $20,000 per year toward educational loan balances plus 20 percent of that amount for increased income tax liability. Indeed, Mr. Ruttenburg signed such an agreement not just once in 2000, but he also signed contract extensions with the same compensation terms in 2002 and 2003.

Accordingly, in the event that this Court denies the Government's motion to dismiss for failure to state a claim, the Government is still entitled to summary judgment based upon the fact the terms of the alleged oral agreement would conflict with the terms of the subsequent written agreements signed by Mr. Ruttenburg.[1]

III. The Court Lacks Tucker Act Jurisdiction To Entertain the Second Count (Specific Performance) Of Mr. Ruttenburg's Complaint

Mr. Ruttenburg does not respond to the Government's contention that this Court lacks Tucker Act jurisdiction over his claim for specific performance. Accordingly, this Court should dismiss the second count of Mr. Ruttenburg's complaint for lack of subject matter jurisdiction.

---

[1] Mr. Ruttenburg also argues that summary judgment is inappropriate because the Government has not shown that Carla Mendoza specifically lacked the authority to enter into a contract with Mr. Ruttenburg. While Mr. Ruttenburg is correct that this is a defense which the Government may raise, since plaintiff has failed to identify any statutory or regulatory basis for claiming that Ms. Mendoza had authority to enter into a contract (oral or otherwise), defendant has not raised this argument at this time. Instead, we have argued that the agency itself lacked the authority to enter into an oral contract for loan repayment under Indian Health Care Improvement Act, and have not focused on Ms. Mendoza's lack of authority.

CONCLUSION

For these reasons, the United States respectfully requests that this Court dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted or, in the alternative, grant the United States summary judgment in its favor. In the event that the Court does not dismiss plaintiff's complaint in its entirety, the defendant respectfully requests that this Court dismiss the second count of plaintiff's complaint (specific performance) for lack of subject matter jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

/s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St. NW
Washington, D.C. 20530
Tele: (202) 616-2377
Steven.Mager@usdoj.gov

May 17, 2004

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 17th day of May, 2004, a copy of the foregoing Reply was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I further certify that this 17th day of May, 2004, I caused to be served by United States mail (first class, postage prepaid) copies of "DEFENDANT'S REPLY" addressed as follows:

James Geagan
Law Offices of James Geagan
846 Broadway
Sonoma, CA 95476

/s/ Steven M. Mager
Steven M. Mager
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice